UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Criminal Action No.   99-cr-00317-RPM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

ABEL SAENZ,

       Defendant.
_____

ORDER DIRECTING GOVERNMENT RESPONSE
_____

By its Order and Judgment of July 25, 2007, the Tenth Circuit Court of Appeals found that this Court abused its discretion in its order of January 26, 2006, denying Saenz's claims in his motion to vacate sentence under 28 U.S.C. § 2255 without an evidentiary hearing as promised in granting a continuance at a hearing on November 8, 2005, at which time Mr. Saenz rejected his court-appointed counsel and told the Court that he could not proceed because his relevant paper work had been sent to his family. Accordingly, this Court was ordered to grant Mr. Saenz one more opportunity to present his evidence at an evidentiary hearing, even if by video conference.

To comply with the mandate, this Court on February 8, 2008, entered an Order for Clarification, indicating an intention to schedule a new hearing by video conference with Abel Saenz to appear, *pro se*, to support his contentions and anticipating that Mr. Saenz would again say that he could proceed without his papers, he was directed on or before March 7, 2008, to file a list of what documents were being withheld from him that

are necessary for presentation of his claim and shall set forth the witnesses he intends to call and exhibits he intends to submit at a hearing to be scheduled.

In response, Mr. Saenz filed on March 6, 2008, a pleading designated Defendant's Response to Courts' Order for Clarification and Motion for Sufficient Time to Prepare for Evidentiary Hearing.  In that pleading, Mr. Saenz informed that he was then being held in a secure housing unit at the Oakdale Corrections Complex in Louisiana and that the Bureau of Prisons had taken all of his personal property and legal documents and materials.  He further advised that until being provided with what legal materials exist in BOP custody, he could not comply with the Order for Clarification by listing exhibits or documents to be submitted.  He did list witnesses he intended to call.  On May 5, 2008, Mr. Saenz filed a motion to subpoena additional witnesses and indicated that the BOP had provided him with a part of his legal material but was still missing several legal documents.

On September 26, 2008, Mr. Saenz filed a change of address showing that he was housed at Federal Correctional Institution in Beaumont, Texas.  On September 29, 2008, Mr. Saenz filed a motion to appoint counsel, indicating that he could not proceed without an attorney and that he cannot write or understand the English language and has been in the special housing unit with access to a law library.

Given these additional *pro se* filings, it is apparent that scheduling a video conference hearing at this time would be futile.  It is difficult to evaluate the defendant's allegations of interference by the BOP with his ability to represent himself by obtaining his legal materials.  Under these circumstances, it is deemed appropriate to require the government to report to this Court the current status of Mr. Saenz, the access he has to

a law library and his ability to communicate with BOP personnel in the English language or through an interpreter.  The government may also respond to these filings with any other matters that may be relevant to this Court's response to the appellate court's mandate.

DATED:   April 14th 2009

                BY THE COURT:

                s/Richard P. Matsch
                _____
                Richard P. Matsch, Senior District Judge

CERTIFICATE OF SERVICE

Re: Case No.  99-cr-00317-RPM

     The undersigned certifies that a copy of the foregoing Order was served on April 14, 2009, by depositing the same in the United States Mail addressed to:

Abel Saenz #29129-013  
Federal Correctional Institution-Low/Unit UB  
P. O. Box #26020  
Beaumont, Texas 77720-6020

                                        GREGORY C. LANGHAM, CLERK

                                                  s/J. Chris Smith  
                                    By _____  
                                                   Deputy